UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HUERTA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>M. D. BITER, et al.,<br><br>　　　　Defendants | Case No. 1:13 cv 00916 AWI GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.**     **Screening Requirement**

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Calipatria State Prison, brings this civil rights action against defendant CDCR officials employed by the CDCR at Kern Valley State Prison, where the event at issue occurred. Plaintiff names the following individual defendants: Warden M. D. Biter; Chief Deputy Warden E. Blanco; Chief, Office of Appeals J. D. Lozano; Captain R. Davis; Correctional Counselor B. Daveiga; Correctional Officer K. Carter. Plaintiff claims that he was subjected to conditions of confinement such that it violated the Eighth Amendment prohibition on cruel and unusual punishment.

Plaintiff alleges that he was transferred to KVSP on April 26, 2010. Plaintiff was notified by a memo authored by the Warden that the prison had recently violated a drinking water standard. Specifically, Plaintiff was informed that the "running average" for wells 1 and 2 violated the U.S. Environmental Protection Agency Standard by .02 milligrams per liter. Plaintiff subsequently submitted health care requests, and was seen on numerous occasions my medical staff. Plaintiff sought information on what adverse effects he may suffer, but could not get any satisfactory answers. In December of 2010, Plaintiff "explained that he had been

consuming the contaminated water since April 2010 and requested to be tested for health problems caused by the high levels of arsenic in the water." Plaintiff received a written response by a registered nurse, who informed Plaintiff that a review of the water was conducted by R.J. Geller, MD, MPH of California Prison Control System and "as per review, level of Arsenic noted in water is insignificant."

On October 27, 2011, Plaintiff filed an inmate grievance, CDC Form 602, regarding the arsenic levels in the water. Plaintiff's appeal was screened out twice, and then rejected as an emergency appeal. Plaintiff's appeal was ultimately accepted, and reviewed through the final, Director's level of review. Plaintiff alleges that in his grievance, he advised officials that "arsenic, as defined in Webster's II New College Dictionary, as, 'a highly poisonous metallic element used in insecticides, weed killers, solid-state devices, and various alloys.'" Officials responded to his grievance, advising Plaintiff that "the documentation and arguments presented are persuasive that the appellant has failed to support his appeal with sufficient evidence or facts to warrant modification of the previous levels of review. The appellant's appeal issue was appropriately addressed by the institution."

### A.  **Eighth Amendment**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v.

Brennan, 511 U.S. 825, 834 (1994)(citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and disregard an excessive risk to inmate health or safety . . . .Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.  Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  Id. at 844-45.  Mere negligence on the part of prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Id. at 835; Frost, 152 F.3d at 1128.

      Here, the Court finds that Plaintiff's allegations fail to state a claim for relief.  In order to hold an individual defendant liable, Plaintiff must allege some fact or facts indicating that he was subjected to an objectively serious harm, and that the individual defendant knew of the harm and acted with deliberate indifference to that harm.  Here, Plaintiff fails to allege that he was subjected to an objectively serious harm.  That the drinking water exceeded an EPA standard by .02 milligrams per liter does not, of itself, subject Plaintiff to an objectively serious harm.  That Plaintiff, in his view, is in danger of serious physical harm is unsupported by the facts alleged.  Plaintiff's own allegations indicated that a professional physician and epidemiologist tested the water, and found the arsenic levels to be "insignificant."  Plaintiff fails to allege any facts indicating that he suffered any ill effects, other than his fear of some future harm. Simply put, that the water violated some regulatory standard does not, of itself, subject officials to liability under the Eighth Amendment.

      To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to

do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). Plaintiff has not specifically charged each defendant with conduct indicating that they knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff. Plaintiff may not hold defendants liable simply by alleging a serious condition of his confinement and then charge defendants with the vague allegation that they subjected him to harm. Plaintiff must allege facts indicating that each defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm. Plaintiff has failed to do so here. The complaint should therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **February 24, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

7