UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HUERTA,<br><br>        Plaintiff,<br><br>   vs.<br><br>M. D. BITER, et al.,<br><br>        Defendants. | 1:13-cv-00916-AWI-GSA-PC<br><br>ORDER VACATING ORDER DISMISSING CASE AND JUDGMENT<br>(Docs. 10, 11.)<br><br>ORDER FOR CLERK TO REOPEN CASE<br><br>ORDER DEEMING FIRST AMENDED COMPLAINT TIMELY FILED<br>(Doc. 12.) |

**I.    BACKGROUND**

    Mark Huerta ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 17, 2013. (Doc. 1.)

    The court screened the Complaint under 28 U.S.C. §1915A and entered an order on February 25, 2014, dismissing the Complaint for failure to state a claim, with leave to amend within thirty days. (Doc. 9.) On March 31, 2014, the court dismissed this case and entered judgment, based on Plaintiff's failure to comply with the thirty-day deadline in the court's order. (Docs. 10, 11.)

    On April 3, 2014, Plaintiff filed the First Amended Complaint. (Doc. 12.)

**II.    DISCUSSION**

    The court finds good cause to reopen this case and deem the First Amended Complaint timely filed under the mailbox rule. Under the mailbox rule of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988), a pro se prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. Douglas v. Noelle, 567 F.3d

1103, 1107 (9th Cir. 2009). While Plaintiff's First Amended Complaint was filed by the Clerk on April 3, 2014, one day *after* the thirty-day deadline expired,[1] Plaintiff's proof of service shows that he mailed the First Amended Complaint to the court from Calipatria State Prison on March 31, 2014, before the deadline expired. (Doc. 12 at 14.) Therefore, Plaintiff's First Amended Complaint is deemed timely filed under the mailbox rule.

Because Plaintiff's First Amended Complaint was timely filed, Plaintiff did not fail to comply with the court's thirty-day deadline. Therefore, the court's order dismissing this action for failure to comply with the court's deadline shall be vacated.

### III. CONCLUSION

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The court's order of March 31, 2014, which dismissed this action, is VACATED;
2. The judgment entered on March 31, 2014, in this action is VACATED;
3. The Clerk is DIRECTED to reopen this case;
4. Plaintiff's First Amended Complaint, filed on April 3, 2014, is DEEMED timely filed; and
5. The First Amended Complaint shall be screened in due time.

IT IS SO ORDERED.

Dated: **April 11, 2014**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] In computing a time period specified in the Federal Rules of Civil Procedure, when the period is stated in days and the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(c). Moreover, pursuant to Rule 6(d), "When a party may or just act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)). Fed. R. Civ. P. 6(d). The court's order granted Plaintiff thirty days from the date of service of the order in which to file an amended complaint, and the order was served on February 25, 2014. (Doc. 9.) Thus, Plaintiff had until March 31, 2014, to file the amended complaint.