UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HUERTA,<br><br>            Plaintiff,<br><br>       vs.<br><br>M. D. BITER, et al.,<br><br>            Defendants. | 1:13-cv-00916-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM (Doc. 12.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.     BACKGROUND**

Mark Huerta ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 17, 2013.  (Doc. 1.)  The court screened the Complaint under 28 U.S.C. § 1915A and entered an order on February 25, 2014, dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 9.)  On April 3, 2014, Plaintiff filed the First Amended Complaint, which is now before the court for screening.  (Doc. 12.)

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Centinela State Prison in Imperial, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). The events at issue in the First Amended Complaint allegedly occurred at Kern Valley State Prison (KVSP) in Delano, California, when Plaintiff was incarcerated there. Plaintiff names as defendants M. D. Biter (Warden, KVSP), E. Blanco (Chief Deputy Warden, KVSP), J. D. Lozano (Chief, Office of Appeals), Captain R. Davis (Appeals Examiner), B. DaViega (Appeals Coordinator), and Correctional Officer K. Carter) (collectively "Defendants"). Defendants were employed by the CDCR at the time of the events at issue. Plaintiff's factual allegations follow.

///

Plaintiff arrived at KVSP on April 26, 2010. Shortly after his arrival, he was informed of a Notice dated April 1, 2010, signed by Warden Harrington [not a defendant], that the prison had recently violated a drinking water standard. The Notice stated that:

> "Although this is not an emergency, [prisoners at KVSP] have a right to know what [they] should do, [and] what [prison officials] are doing to correct this situation. [Prison officials] routinely monitor for the presence of drinking water contaminants. Based on data gathered through monitoring [KVSP] wells over the last four quarters, the running annual average for wells 1 and 2 is 0.012 mg/L and 0.018 mg/L respectively. This is above the U.S. EPA standard or maximum contaminant level (MCL) of 0.010 mg/L.
>
> What should [prisoners] do?
>
> [Prisoners] do not need to use an alternative water supply (e.g., bottled water). This is not an emergency. If it had been, [prisoners] would have been notified immediately. However, some people who drink water containing arsenic in excess of the MCL over many years may experience skin damage or circulatory system problems, and may have an increased risk of getting cancer. If you have other health issues concerning the consumption of this water, you may wish to consult your doctor.
>
> What happened? What is being done?
>
> Kern Valley State Prison is working with Facility Planning, Construction and Management to install an Arsenic Treatment System. [Prison officials] anticipate resolving the problem by June 2010."

(First Amended Complaint (FAC), Doc. 12 at 3-4 ¶3-4.)

On or about September 2010, Warden M. D. Biter issued a new Notice indicating that the June 2010 date for fixing the problem had been moved to October 2011. No explanation was given as to why the date had been moved. The new Notice also stated:

> "Based on data gathered through monitoring our wells over the last four quarters, the running annual average for wells 1 and 2 is 0.015 mg/L and 0.019 mg/L, respectively."

(FAC at 4 ¶5.)

As advised, Plaintiff sought medical consultation. On September 7, 2010, Plaintiff submitted a health care service request form, which included the information stated on the Warden's notice and expressed Plaintiff's extreme concerns about long-term effects of drinking the water and the Warden's decision that it was unnecessary to provide inmates with an

alternate source of drinking water. On September 9, 2010, Plaintiff met with an RN who was unaware that the water at KVSP was contaminated with arsenic and was unable to provide any answers for Plaintiff. Plaintiff's request for bottled water was denied.

On December 3, 2010, Plaintiff met with a doctor who reviewed his medical form and stated that Plaintiff was a "worrier" and "we all have to die someday." (FAC at 5 ¶11.) On December 9, 2010, Plaintiff met with RN I. Grewal, explained that he had been drinking contaminated water since April 2010, and requested to be tested for health problems. RN Grewal wrote on Plaintiff's medical form, "Arsenic levels in the water are not up to the standard to cause any acute or chronic problems. A review of current Ar level was conducted by R.J. Geller, M.D., MPH of CA Prison control system and, as per review, level of Arsenic noted in water is insignificant." (FAC at 5 ¶14.)

An August 2011 article of Prison Legal News stated that prisoners at KVSP are being slowly poisoned through their drinking water and nothing has been done since the problem was discovered in 2005. The article discussed the health concerns arising from long-term exposure to arsenic and the "lackadaisical approach taken by prison officials." (FAC at 5-6 ¶15.) The article stated that the date to fix the water system had been moved to August 2012.

Plaintiff submitted a Form 22 Request for Interview, informing defendant C/O K. Carter of his concerns, and Carter responded with deliberate indifference, simply advising Plaintiff to file a Form 602 appeal. On October 27, 2011, Plaintiff filed a Form 602 appeal concerning the contaminated water issue. On November 16, 2011, defendant B. DaVeiga, Appeals Coordinator, screened out Plaintiff's appeal for not using "12 font" writing. (FAC at 7 ¶24.) On November 27, 2011, Plaintiff rewrote the appeal and submitted it, and on December 2, 2011, DaViega screened out the appeal, finding that Plaintiff was "attempting to combine [his two] appeals." (FAC at 8 ¶26.) On December 11, 2011, Plaintiff resubmitted the appeal with a detailed explanation, and on December 16, 2011, DaVeiga screened out the appeal because Plaintiff had improperly submitted divider sheets and certain information on lined paper. Plaintiff complied with DaVeiga's requirements and resubmitted the appeal, but on February 23, 2012, the appeal was screened out again. DaVeiga screened out Plaintiff's appeal four

times and denied Plaintiff's request to process the appeal as an "Emergency" appeal. (FAC at 9 ¶34.) On March 16, 2012, Plaintiff's appeal was heard at the Second Level of review by DaVeiga, and was signed by defendant Blanco (Chief Deputy Warden), notifying Plaintiff that Warden Biter had issued a notice on January 6, 2012, stating that the arsenic level in water was not an emergency, inmates did not need an alternative water source, and an arsenic treatment system was estimated to be completed in November 2012. Plaintiff's appeal was partially granted, based on the planned installation of the arsenic treatment system. Plaintiff submitted the appeal to the Third Level of review where it was reviewed by defendants R. Davis (Appeals Examiner) and J.D. Lozano (Director, Chief Office of Appeals) and denied.

Plaintiff lives in constant fear and has suffered irreparable physical and mental harm due to three years of constant consumption of contaminated water.

Plaintiff seeks monetary damages and declaratory relief.

## IV.   PLAINTIFF'S EIGHTH AMENDMENT CLAIM

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

"[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The Eighth Amendment, which protects prisoners from inhumane conditions of confinement, Farmer v. Brennan, 511 U.S. 825, 833 (1994), is violated when prison officials act with

deliberate indifference to a substantial risk of harm to an inmate's health or safety, e.g., Farmer, 511 U.S. at 828; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. First, the deprivation must be, objectively, sufficiently serious. Id. (quotation marks and citation omitted). Second, prison officials must have a sufficiently culpable state of mind, which for conditions-of-confinement claims is one of deliberate indifference. Id. (quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837 (quotation marks omitted). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). The exposure to toxic substances can support a claim under section 1983. See Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (exposure to asbestos). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Here, Plaintiff fails to allege that he was subjected to an objectively serious harm. The fact that the drinking water exceeded an EPA standard by .02 milligrams per liter does not, of itself, subject Plaintiff to an objectively serious harm. Plaintiff's view that he is in danger of serious physical harm is unsupported by the facts alleged. Plaintiff's own allegations indicated that a professional physician and Master of Public Health tested the water, and found the arsenic levels to be "insignificant." Plaintiff fails to allege any facts indicating that he suffered any ill effects, other than his fear of some future harm.[1] Simply put, the fact that the water

---

[1] The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) ) (back and leg pain and canker sore *de minimis*); see also Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not *de minimis*). Plaintiff has not described any physical injury or alleged a diagnosis by a medical professional of physical harm from drinking contaminated water.

violated some regulatory standard does not, of itself, subject officials to liability under the Eighth Amendment.

Plaintiff has not adequately linked any of the other Defendants to the violation of his rights. The other Defendants were involved in addressing Plaintiff's administrative appeal grieving the issue. Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). Because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an administrative appeal can be held liable under section 1983, but that circumstance has not been presented here. Plaintiff has not linked defendants Blanco, Lozano, Davis, DaViega, or Carter to any personal involvement in or control over the water issue, Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and the mere existence of an administrative appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

## V.   CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983, and that this dismissal be subject to the "three-

///

strikes" provision set forth in 28 U.S.C. § 1915(g).  <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 10, 2015**                      **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE